# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN LUCAS,<br><br>       Petitioner,<br><br>vs.<br><br>RON DAVIS, Acting Warden of San Quentin State Prison,<br><br>       Respondent.[1] | CASE NO. 15cv1224 GPC (WVG)<br><br>*DEATH PENALTY CASE*<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) STAYING EXECUTION OF DEATH SENTENCE;**<br><br>**(3) GRANTING REQUEST FOR APPOINTMENT OF COUNSEL, AND;**<br><br>**(4) REFERRING MATTER TO SELECTION BOARD FOR SUGGESTION OF APPOINTED COUNSEL** |

  On June 2, 2015, Petitioner David Allen Lucas filed a request for appointment of counsel for federal habeas proceedings, a motion to proceed in forma pauperis, and a motion for a stay of execution of his sentence. For the reasons discussed below, the Court **GRANTS** the request and motions, **ORDERS** a temporary stay of execution for

---

[1] The case caption for the instant case lists Robert L. Ayers, Jr. as Warden of San Quentin State Prison. The Court notes that Ron Davis currently serves as the Acting Warden of the California State Prison at San Quentin, and is thus Respondent to this federal habeas action. Accordingly, the Court **ORDERS** the Clerk to reflect this substitution in the case caption.

45 days to allow for appointment of counsel and **REFERS** the matter to the Selection Board for the Southern District of California for the recommendation of one or more attorneys for appointment.

## I. BACKGROUND

Petitioner was convicted in San Diego County Superior Court of three counts of first degree murder with the special circumstance of multiple murder, one count of attempted murder, and two counts of kidnapping and was sentenced to death. On August 21, 2014, the California Supreme Court affirmed the convictions and sentence on direct appeal. People v. Lucas, 60 Cal. 4th 153 (2014). The petition for a writ of certiorari was denied by the United States Supreme Court on June 1, 2015. Lucas, David A. v. California, ___ S.Ct. ___, No. 14-9137, 2015 WL 1482308 (U.S. Cal. June 1, 2015).

On November 6, 2008, Petitioner filed a habeas petition (Case No. S168103) with the California Supreme Court. An informal response was filed on July 7, 2009, and a reply was filed on March 22, 2010. The California Supreme Court has not yet ruled on the state habeas petition.

## II. DISCUSSION

In a declaration dated May 5, 2015, Petitioner stated that he had a pending petition for writ of certiorari in the United States Supreme Court with respect to his direct appeal, as well as a pending state habeas petition in the California Supreme Court, but prepared and filed the request for federal counsel at that time in anticipation that those courts may deny the pending matters, and in light of the fact that the time available for federal review will begin to run at the conclusion of those matters. (ECF No. 1 at 4.) Petitioner also indicates that his state habeas counsel has advised that he is unavailable to represent Petitioner in the federal proceedings. (Id.)

The Ninth Circuit has held that "when . . . an appeal of a state criminal conviction is pending, a would-be petitioner must await the outcome of his appeal before his state remedies are exhausted." Sherwood v. Tomkins, 716 F.2d 632, 634

1  (9th Cir. 1983); see also 28 U.S.C. § 2254(b)-(c).  As noted above, Petitioner's state
2  appeal is now concluded, as the United States Supreme Court recently denied the
3  petition for writ of certiorari.  Petitioner's state habeas petition remains pending in state
4  court.  However, the Ninth Circuit recently clarified that Sherwood applies only to
5  pending direct appeals.  See Henderson v. Johnson, 710 F.3d 872 (9th Cir. 2013)
6  (rejecting district court's reliance on Sherwood to dismiss federal habeas action filed
7  while state habeas action was pending without allowing leave to amend or considering
8  a stay, stating that "Sherwood stands for the proposition that a district court may not
9  adjudicate a federal petition while a petitioner's direct state appeal is pending.")

10        The Court is also cognizant of the fact that in prior capital habeas actions in this
11 district, as well as in other California federal districts, the process of locating qualified
12 prospective counsel to recommend for appointment can take time.  (See e.g. Jurado v.
13 Davis, S.D. Cal. Case No. 08cv1400-JLS-JMA, ECF Nos. 1, 23 (327 days between
14 request for, and appointment of, counsel), Hoyos v. Cullen, S.D. Cal. Case No.
15 09cv0388-L-NLS, ECF Nos. 1, 12 (217 days between request and appointment),
16 Ramos v. Chappell, 05cv3752-SI, 2013 WL 3815644, at *1 fn. 1 (N.D. Cal. 2013)
17 (collecting cases).)  The relevant federal statute providing for the appointment of
18 counsel in capital habeas actions simply states that: "In any post conviction proceeding
19 under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set
20 aside a death sentence, any defendant who is or becomes financially unable to obtain
21 adequate representation or investigative, expert, or other reasonably necessary services
22 shall be entitled to the appointment of one or more attorneys and the furnishing of such
23 other services in accordance with subsections (b) through (f)."  18 U.S.C. § 3599.  This
24 district's local rules provide for the appointment of federal habeas counsel "at the
25 earliest practicable time."  See CivLR HC.3(d)(1).  For these reasons, Petitioner's
26 request for appointment of counsel and accompanying motion for stay of execution
27 appear reasonable and are therefore **GRANTED**.
28 ///

With respect to the motion to proceed in forma pauperis, Petitioner has attached a declaration and trust account statement, which reflects that Petitioner has $4.91 in his account at San Quentin State Prison, where he is presently confined. (ECF No. 2.) Petitioner cannot afford the $5.00 filing fee. Accordingly, the Court **GRANTS** Petitioner's motion and allows Petitioner to proceed in the above-referenced matter without being required to prepay fees or costs and without being required to post security.

### III. CONCLUSION

Pursuant to Local Rule HC.3(d) and 18 U.S.C. § 3599, Petitioner's request for appointment of counsel is **GRANTED**, and it is **HEREBY ORDERED** that this matter be referred to the Selection Board for the United States District Court, Southern District of California, for suggestion of one or more counsel to be appointed to represent Petitioner in his federal habeas corpus proceedings. The Court also **GRANTS** Petitioner's motion to proceed in forma pauperis. Pursuant to Local Rule HC.3(g)(2), Petitioner's motion for stay of execution is **GRANTED** and a temporary stay "will remain in effect for forty-five (45) days," up to and including **Monday, July 20, 2015**, "unless extended by the court." Id.

The Clerk of the Court shall serve a certified copy of this order on Petitioner David Allen Lucas; Attorney Thomas Lundy; Respondent Ron Davis, Acting Warden of San Quentin Prison; the Clerk of the San Diego County Superior Court; Kamala Harris, Attorney General of the State of California; Holly D. Wilkins, Deputy Supervising Attorney General of the State of California; Office of the District Attorney of San Diego County; and Joe Schlesinger, California Appellate Project, San Francisco.

**IT IS SO ORDERED.**

DATED: June 5, 2015

HON. GONZALO P. CURIEL
United States District Judge