UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN LUCAS,<br><br>                Petitioner,<br><br>vs.<br><br>RON DAVIS, Warden of San Quentin State Prison,<br><br>                Respondent. | CASE NO. 15cv1224 GPC (WVG)<br><br>*DEATH PENALTY CASE*<br><br>**ORDER DENYING PETITIONER'S MOTION FOR A PROTECTIVE ORDER** |

On November 21, 2016, Petitioner filed a Motion for a Protective Order under Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003), and a Memorandum of Points and Authorities in Support of the Motion ["Mot. Mem."]. (ECF Nos. 44, 44-1.) On November 30, 2016, Respondent filed a Response in Opposition ["Opp."], and on December 7, 2016, Petitioner filed a Reply. (ECF Nos. 50, 55.) On January 27, 2017, Petitioner filed a privilege log, specifying privileged materials to be covered by the protective order. (ECF No. 61.) The Court heard arguments from both parties on March 10, 2017. For the reasons discussed below, Petitioner's motion is **DENIED** without prejudice.

///

///

## I. PROCEDURAL BACKGROUND

Respondent has lodged the state record in this Court, which includes the pre-trial, trial, state appellate and state postconviction records. (ECF Nos. 30-36.) In his motion, Petitioner refers generally to the state court record lodged in this Court by Respondent, and asserts that: "In order to plead his claims, Lucas has relied on documents and exhibits in the lodgment throughout the Petition. Some of those documents contain statements and information that are protected by the attorney client privilege and work product doctrine." (Mot. Mem. at 2.)[1] Petitioner contends that "[b]ecause Lucas was compelled by this action to produce documents in support of his claims, Lucas seeks to limit the scope of the waiver of the protections afforded by the attorney-client privilege and work product doctrine. Lucas now seeks a protective order to protect these privileged materials against use in proceedings other than the current federal habeas proceeding, such as a retrial." (Id.) In the proposed protective order, Petitioner seeks protection for "documents and materials, including declarations, materials derived from the trial team, or trial counsel files that Petitioner provides to Respondent during this habeas action or that have been previously or will be lodged in this Court" as well as "any reference to such documents and testimony in the parties' pleadings submitted to this Court." (Id. at 5-6.)

Respondent opposes the motion, pointing out that "the materials Lucas seeks to protect were produced in the course of state proceedings and, therefore, are not subject to a so-called *Bittaker* order." (Opp. at 2.) Respondent notes that Petitioner "is seeking a protective order for information contained in documents *lodged by Respondent*," and that "to the extent any of those documents were disclosed by Lucas, they were disclosed in the course of state court litigation" and thus, "the contours of any implied waiver occasioned by the disclosure of those documents is a matter of state law." (Id. at 3-4.) Respondent also maintains that because the federal court's review under 28

---

[1] When citing to documents filed with the Court's Electronic Case Filing ("ECF") system, the Court will refer to the pages assigned by that system.

U.S.C. § 2254(d) is limited to the state record, there is no present need for Petitioner to produce materials requiring federal court protection. (Id. at 4, citing Cullen v. Pinholster, 563 U.S. 170 (2011).) Respondent also notes that California law protects materials disclosed in state court proceedings. (Id. at 4-5, citing People v. Ledesma, 39 Cal. 4th 641 (2006).) In the Reply, Petitioner argues that Respondent's view of Bittaker and the subsequent case law is too narrow, his argument about section 2254(d) and Pinholster is "misguided and irrelevant," and asserts that a federal court may issue a protective order regardless of the fact that the privileged materials at issue were originally disclosed in state court proceedings. (Reply at 2-5.) Petitioner also argues that a federal protective order is appropriate at this time because state law does not adequately protect the privileged information. (Id. at 5; see also Mot. Mem. at 5.)

On January 27, 2017, Petitioner filed a Privilege Log, specifying the privileged materials he seeks to protect through the requested protective order. Each of the documents listed in the privilege log are identified as part of the state court record lodged in this Court by Respondent, specifically lodgment number 13, which contains the exhibits to Petitioner's state habeas petition filed in the California Supreme Court in Case No. S168103. (See ECF No. 61 at 2-19, citing ECF No. 36-8 through 36-30.)

## II. DISCUSSION

In Bittaker v. Woodford, 331 F.3d 715 (2003) (en banc), the Ninth Circuit acknowledged that "[i]t has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer," and then examined and ultimately upheld a district court's decision to issue a protective order with respect to materials from trial counsels' files disclosed during federal discovery proceedings, as well as depositions of trial counsel conducted during those proceedings. Id. at 716-17 n.1, 728. In Bittaker, "[t]he district court entered a protective order precluding use of the privileged materials for any purpose other than litigating the federal habeas petition, and barring the Attorney General from turning

them over to any other persons or offices, including, in particular, law enforcement or prosecutorial agencies." Id. at 717.

At issue was "[t]he rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation," and the Bittaker Court noted that this long-standing rule, termed "the fairness principle," "is often expressed in terms of preventing a party from using the privilege as both a shield and a sword." Id. at 718-19. The Court engaged in an extensive analysis of the scope of this waiver, including considerations such as the privilege itself, the right to habeas review and to raise claims of ineffective assistance of counsel, and state prosecutorial interests, and held that a "narrow waiver rule" was appropriate, that is, "[a] waiver that limits the use of privileged communications to adjudicating the ineffective assistance of counsel claims." See id. at 720-24.

In upholding the district court's decision to issue a protective order, the Ninth Circuit specifically held that "district courts have the obligation, whenever they permit discovery of attorney-client materials as relevant to the defense of ineffective assistance of counsel claims in habeas cases, to ensure that the party given such access does not disclose these materials, except to the extent necessary in the habeas proceeding, i.e., to ensure that such a party's actions do not result in a rupture of the privilege." Id. at 727-28.

Petitioner acknowledges that "*Bittaker* dealt with a protective order in the case of court-compelled discovery," but argues that "its reasoning applies to all stages of habeas litigation, including the filing of a petition, because the same concerns noted by the *Bittaker* court [as being] present during discovery are also present during the initial filing stage." (Mot. Mem. at 3.) This argument relies on an overly-expansive view of Bittaker, because, as Petitioner acknowledges, Bittaker's holding was specifically aimed at providing protection for privileged materials produced during federal discovery proceedings. In Lambright v. Ryan, 698 F.3d 808, 820 (9th Cir. 2012), while the Ninth Circuit generally stated that "the language in Bittaker supports

the conclusion that its holding extends to the entire habeas litigation, not to pretrial discovery only," the panel majority held that federal protection was available for privileged materials disclosed in federal court during both discovery and evidentiary hearing proceedings, but rejected the suggestion that a protective order was required upon the filing of a habeas petition in federal court. Id. at 820; see id. at 819 n.4 ("Contrary to the dissent's assertions, we do not hold that a district court must issue a protective order the moment a habeas petitioner asserts an ineffective assistance of counsel claim. It must, however, do so prior to authorizing discovery on such a claim."), citing Bittaker, 331 F.3d at 728.

Again, a review of the privilege log confirms that Petitioner cites only to documents lodged in this Court by Respondent, all of which were originally disclosed during state court proceedings, and none of which, as counsel for Petitioner acknowledged at oral argument, were filed under seal in state court. As Bittaker's holding specifically addressed a federal court's duty to protect otherwise privileged materials disclosed during federal proceedings, which is not the case here, and the Ninth Circuit has since explicitly declined to set forth a requirement that a protective order issue upon the filing of a federal habeas petition raising claims of ineffective assistance of counsel, this Court remains unpersuaded that Bittaker or subsequent case law compels a protective order under the present circumstances.

Examining Petitioner's motion in light of the habeas statute and clearly established law similarly supports the conclusion that a protective order is neither compelled nor appropriate at this time. Under AEDPA, a state prisoner is not entitled to federal habeas relief unless the state court ruling: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Harrington v. Richter, 562 U.S. 86, 97-98 (2011), quoting 28 U.S.C. § 2254(d)(1)-(2). In Pinholster, the Supreme Court held that

for claims previously decided on the merits by a state court, a federal habeas court's "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Pinholster, 563 U.S. at 181. The Pinholster Court also stated that "[a]lthough state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so." Id. at 186. Section 2254(d)(2), as noted above, explicitly limits a reviewing court to the "evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

While Petitioner correctly notes that he must plead facts sufficient to state a claim for relief in order to satisfy federal habeas pleading requirements (see Rules 2(c), 4, 28 U.S.C. foll. § 2254), Bittaker specifically dealt with protecting a federal petitioner's *disclosure* of privileged information in federal court. That is simply not the situation presented here. In this case, while Petitioner has cited to, and relied upon, privileged materials produced in state court to plead his federal habeas claims, the materials Petitioner seeks to protect were not newly disclosed during federal court proceedings.

Finally, the Court is not persuaded by Petitioner's argument that any perceived inadequacies in available state court protections should somehow compel the federal court to issue a protective order. First, as Petitioner recognizes, California law provides protection for privileged materials disclosed in the course of state habeas proceedings. See Ledesma, 39 Cal. 4th at 695 ("[W]e conclude the attorney-client privilege continues to apply for purposes of retrial after otherwise privileged matters have been disclosed in connection with habeas corpus proceedings, under [California] Evidence Code section 958.") Moreover, regardless of the sufficiency or insufficiency of state law in this respect, the Bittaker decision clearly reflects the Ninth Circuit's reasoning that the federal protective order in that case was required because "it is the federal courts that are inducing petitioner to waive his privilege, so the federal courts must be able to guarantee the integrity of the bargain if petitioner chooses to waive his

1  privilege so he can litigate his ineffective assistance of counsel claim." Bittaker, 331
2  F.3d at 726.  Here, Petitioner cites solely to materials disclosed and turned over to
3  Respondent during the state court proceedings, and the scope of any waiver or resulting
4  need for protection is thus a matter to be decided by that same court.

5  Ultimately, it is clear that Bittaker does not compel the protective order
6  Petitioner seeks, as Petitioner has not produced new materials in federal court as the
7  result of federally-compelled disclosure.  That Petitioner points to other district courts
8  that have granted such orders upon the filing of a federal petition does not persuade the
9  Court that this is an appropriate course of action here. (See Mot. Mem. at 5; Reply at
10 4.)  Given that Bittaker is specifically aimed at ensuring federal protection for
11 privileged materials disclosed in the course of federal proceedings and Petitioner fails
12 to identify any materials not previously produced in state court that he was compelled
13 to now disclose for purposes of this federal action, Petitioner's motion is **DENIED**.

14 In the motion, Petitioner states that "Lucas reserves the right to seek protection
15 of privileged materials to be disclosed at a future evidentiary hearing or in future
16 discovery related to these federal habeas proceedings." (Mot. Mem. at 6, fn. 2.)  As
17 such, the denial shall be without prejudice to refiling the motion in the event of federal
18 discovery, evidentiary hearing, or similar proceedings in this Court which compel
19 Petitioner to produce or disclose previously undisclosed privileged materials.

## II. CONCLUSION AND ORDER

21 For the reasons discussed above, Petitioner's motion for a Bittaker protective
22 order (ECF No. 44), is **DENIED** without prejudice.
23 **IT IS SO ORDERED.**

25 DATED: March 15, 2017

HON. GONZALO P. CURIEL
United States District Judge